Edward J. Maney, Trustee
P.O. Box 10434
Phoenix, Arizona 85064
Telephone (602) 277-3776
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

In re:                                          )    CHAPTER 13 PROCEEDINGS
                                                )
      TERRI CLARK,                        )    CASE NO. B-09-24892-PHX-CGC
                                                )
                                                )    TRUSTEE'S EVALUATION AND
                                                )    RECOMMENDATION(S) REPORT WITH
                                                )    NOTICE OF POTENTIAL DISMISSAL IF
                                                )    CONDITIONS ARE NOT SATISFIED
                                                )
                                                )    RE:  CHAPTER 13 PLAN
                          (Debtor(s)       )

Edward J. Maney, Trustee, has analyzed the Debtor's Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

**General requirements:**

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

b. Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

d. The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e. The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders."

f. At the time of confirmation, the Trustee will require the Debtors to certify that they are current on all required tax filings and any domestic support orders.

e. At the time of confirmation, the debtor(s) are required to certify, via language in the Order Confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case <u>and</u> that they are current on all required tax return filings [pursuant to 11 U.S.C. §1308].

**Specific Recommendations:**

1. SunTrust Mortgage has filed an objection to the Plan. The Trustee requires the objection to be resolved prior to confirmation of the Plan. If the Proof of Claim/Objection amount is used in the Trustee's analysis, the result is a $4,854 funding shortfall, which must be resolved before Plan may be confirmed.

2. The Plan proposes payment of secured claims to Chase and GMAC who have filed no secured proofs of claim. The Trustee requires that the Debtor(s) provide verification of the creditor(s)' security interest by providing him with a copy of the security documents, such as a security agreement, UCC-1, title, deed of trust or the like. Moreover, the Trustee requires that the Order Confirming Plan provides language as follows: "The Trustee has authority to pay on the secured debts owed to Chase and GMAC even though these creditors have filed no secured proofs of claim, but the Plan and this Order are not to be considered an informal proof of claim for any creditor." If the security interest cannot be verified by the Debtor(s), then the Debtor(s) may delete the proposed treatment in a proposed Order Confirming Plan <u>after</u> filing a motion and providing 25 days' notice to the creditor of the intent to delete the proposed secured treatment from the Plan.

3. The Trustee requires the debtors counsel file a detailed fee application as his fees ($5,500) are over the local benchmark.

4. The Trustee notes that the Debtor has received significant tax refunds for 2008, which, if allowed to continue, would constitute a diversion of disposable income. Unless the plan provides for 100% repayment to all valid creditors, the Trustee requires Debtor adjust payroll tax deductions to prevent over- or under-withholding, amend Schedule I increasing Plan payments accordingly and provide two consecutive paystubs to verify this has been corrected or turn over any net tax refunds for the duration of the Plan.

In summary, Plan can be confirmed subject to the condition(s) noted above, adequate funding, and timely filed Stipulated Order Confirming, and Court approval. General unsecured creditors (including secured creditors with unsecured deficiency balances) will be paid through the Trustee, subject to timely filed and allowed claims. Chapter 7 reconciliation requirement will be met given debtors' scheduled zero equity in non-exempt property at petition date. **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to resolve item(s) #1, #3 above and submit a Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of the mailing of this Trustee's Recommendation.**

```
                                                    Trustee's Recommendation
                                                    Case No.#09-24892-PHX-CGC
                                                    Page #3
```

Dated: [see electronic signature]

_____
Edward J. Maney, Trustee

Copies of the forgoing
Mailed on [see electronic signature],
to the following:

Terri Clark
5237 W. Topeka
Glendale, AZ 85308
Debtor

Joseph W. Charles, Esq.
P.O. Box 1737
Glendale, Arizona 85311
Debtor's counsel

By:_____
   Trustee's Clerk