LAW OFFICES
**WATERFALL ECONOMIDIS CALDWELL**
**HANSHAW & VILLAMANA, P.C.**
WILLIAMS CENTER, EIGHTH FLOOR
5210 EAST WILLIAMS CIRCLE, SUITE 800
TUCSON, ARIZONA 85711
Telephone: (520) 790-5828
Facsimile: (520) 745-1279

Steven M. Cox, SBN 005094
Attorneys for GMAC

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| In re: | No. 2-09-bk-24892-CGC |
| TERRI CLARK, | (Chapter 13) |
| Debtor. | **OBJECTION TO CONFIRMATION OF DEBTORS' PROPOSED CHAPTER 13 PLAN** |

GMAC, by and through its attorneys undersigned, hereby files its Objection to Confirmation of Debtor's Proposed Chapter 13 Plan of Reorganization (the "Objection"), based upon the following:

1.  GMAC holds an interest in a 2008 SATURN VUE, VIN 3GSCL33P48S605095, and all accessories thereto in possession of Debtors, under a contract dated April 29, 2008 (the "Contract"), a copy of which is attached hereto as Exhibit "A" and is incorporated herein by this reference. Evidence of GMAC's interest in the Vehicle is attached hereto as Exhibit "B" and is incorporated herein by this reference.

2.  The net payoff due on the Debtor's account, as of the petition date, was $22,244.02, together with interest accruing thereon at the contract rate of 6.99%. Debtor's Chapter 13 Plan proposes to pay the secured claim of GMAC a secured value of $18,250.00

1   together with interest accruing thereon at 7.5%. While the interest rate is acceptable the value is

2   unacceptable to Movant since the amount is too low, and although Debtor's Plan provides for

3   adequate protection payment it is inadequate for the requirement of §1326(a)(1)(C) of the

4   Bankruptcy Code, and Local Rule 2084-6, requiring adequate protection payments of 1% of value

5   from month one of the Plan to be paid to GMAC directly. Further, Debtor purchased the Vehicle

6   and incurred the purchase money secured debt to GMAC less than 910 days prior to filing this

7   bankruptcy; and pursuant to Bankruptcy Code §1325(a)(5), GMAC is entitled to have its

8   Collateral fully secured through Debtor's Chapter 13 Plan, and to be paid according to its

9   Contract with Debtor. GMAC alleges that if Debtor is to modify GMAC's lien, then it should be

10  paid the payoff amount of $22,244.02, with interest at 7.5%, with adequate protection payments

11  in the "1% of value" amount of $199.00 per month. Movant's Affidavit and the Kelley Blue Book

12  breakdown are attached as Exhibit C herein.

13      3.      The Debtor's Plan provides for adequate assurance payments of $182.50 per

14  month until the Plan is confirmed, but does not direct the Trustee to begin those payments right

15  away. GMAC alleges that the value is $19,895 and that adequate assurance payments should be

16  made at a rate of **$199** per month, duly allowed as a lien and payable monthly and directly to

17  GMAC, and be paid each month during the case, from month one of the Plan until regular Plan

18  payments to GMAC begin; and upon dismissal or conversion of the case, as required by Code

19  §1326(a)(1)(C) and Local Bankruptcy Rule 2084-6(b).

20      4.      GMAC further objects to any Plan provision which provides that GMAC's

21  security interest will terminate upon payment of the allowed secured claim. GMAC asserts that

22  its lien will not terminate until such time as the Debtors fully consummate the Chapter 13 Plan

23  and are discharged, pursuant to BAPCPA (10/17/05).

1   WHEREFORE, for all of the above grounds, GMAC respectfully requests that this Court

2   deny confirmation of the Debtors' proposed Chapter 13 Plan of Reorganization.

3   RESPECTFULLY SUBMITTED this 28th day of December, 2009.

4                                    **WATERFALL ECONOMIDIS CALDWELL**
                                     **HANSHAW & VILLAMANA, P.C.**
5

6                          By _Steven M. Cox_

7                                    Steven M. Cox
                                     Attorneys for GMAC

8   COPY of the foregoing mailed this
9   29 day of December, 2009, to

10  JOSEPH W. CHARLES
    PO Box 1737
    Glendale, AZ 85311-1737
11  Attorney for Debtors

12  EDWARD J. MANEY
    P.O. Box 10434
13  Phoenix, AZ 85064-0434
    Chapter 13 Trustee
14

15  _am_

16

17

18

19

20

21

22

23

RETAIL INSTALMENT SALE CONTRACT
GMAC FLEXIBLE FINANCE PLAN

Dealer Number _____ Contract Number _____

| Buyer (and Co-Buyer) - Name and address (include county and zip code) | Creditor (Seller) Name and address |
|---|---|
| TERI L CLARK<br>5237 W TOPEKA DR<br>GLENDALE, AZ 85308<br>MARICOPA | SATURN OF ARROWHEAD<br>8801 W BELL RD<br>PEORIA, AZ 85382 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle described below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay us, the Creditor, the Amount Financed and Finance Charge according to the payment schedule shown below. We will figure your Finance Charge on a daily basis.

| New or Used | Year | Make and Model | Vehicle Identification No. | Primary Use for Which Purchased |
|---|---|---|---|---|
| NEW | 2008 | SATURN VUE XE FWD | 3GSCL33P48S805495 | ☑ Personal, family, or household ☐ Agricultural<br>☐ Business _____ |

Your trade-in is a Year 1999 Make PORSCHE Model BOXSTER

**FEDERAL TRUTH-IN-LENDING DISCLOSURES**

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate | FINANCE CHARGE<br>The dollar amount the credit will cost you | Amount Financed<br>The amount of credit provided to you or on your behalf | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 1,823.84 |
|---|---|---|---|---|
| 6.99 % | $ 6,121.88 | $ 26,535.68 | $ 32,657.76 | $ 34,481.60 |

Your Payment Schedule Will Be:

| Number of Payments | Amount of Payments | When Payments Are Due | One Final Payment Follows |
|---|---|---|---|
| 72 | $ 453.58 | Monthly beginning 6/13/2008 | |

Late Charge. If a payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late, with a minimum charge of $10

Prepayment. If you pay off early you will not have to pay a penalty.

Security Interest. You are giving a security interest in the vehicle being purchased.

Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, and security interest.

**ITEMIZATION OF AMOUNT FINANCED**

1 Cash price (including any accessories, services, taxes, and any surcharge) N / A  ........... $ 25,271.20
2 Total downpayment =  (if trade-in) enter "0" and see line 3 above)
   Gross trade in  $ 9,500.00 - payoff by seller $ 9,676.16
   = net trade in $ 1,176.16 - cost $ ........
   + other (describe) REBATES    $ 2,000.00 $ 1,823.84
3 Unpaid balance of cash price (1 minus 2)  ........... $ 23,447.49
4 Other charges including amounts paid to others on your behalf (Seller may keep part of these amounts):
   A Cost of optional credit insurance paid to the insurance company or companies
     Life  $ ........ N / A
     Disability  $ ........ N / A
   B Other insurance paid to the insurance company  $ ........ N / A
   C Official fees paid to government agencies  $ ........ N / A
   D Government license and/or registration fees  $ ........ N / A
   E Government license and/or registration fees
       LIC 364.75 REG 9.75    $ 375.00
   F Government certificate of title fees  $ 4.98
   G Other charges (Seller must identify who is paid and describe purpose )
     NORTHERN CITY N WC 060/0180008 $ 1,785.00
     to DEALER for DOC FEE  $ 309.00
     to COUNTY OF MEXICO/REGISTRATION  $ 549.00
     to _____ for _____ $ ........
     to _____ for _____ $ ........
   Total other charges and amounts paid to others on your behalf  ........... $ 3,089.06
5 Amount financed (3 + 4)  ........... $ 26,535.68

HOW THIS CONTRACT CAN BE CHANGED. The contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and us must sign it. No oral changes are binding.

Buyer Signs X _____ Co-Buyer Signs X _____

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**For Used Vehicles Only:**

Attention purchaser sign here only if the dealer told you that this vehicle has the following problem(s) and that you agree to buy the vehicle on those terms:

1. _____
2. _____
3. _____

Buyer X _____ Date _____ Co-Buyer X _____ Date _____

**WARRANTIES**

Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties on this vehicle, except as described below for used vehicles. Making no warranties means that the Seller is selling the vehicle as is—not expressly warranted or guaranteed and without any implied warranties of merchantability (except as described below) or of fitness for a particular purpose.

The provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

The following paragraph applies only if you are purchasing a used vehicle.

THE SELLER HEREBY WARRANTS THAT THIS VEHICLE WILL BE FIT FOR THE ORDINARY PURPOSES FOR WHICH THE VEHICLE IS USED FOR 15 DAYS OR 500 MILES AFTER DELIVERY, WHICHEVER IS EARLIER, EXCEPT WITH REGARD TO PARTICULAR DEFECTS DISCLOSED ON THE FIRST PAGE OF THIS AGREEMENT. YOU (THE PURCHASER) WILL HAVE TO PAY UP TO $25.00 FOR EACH OF THE FIRST TWO REPAIRS IF THE WARRANTY IS VIOLATED.

☐ IF THIS BOX IS CHECKED, THIS CONTRACT IS SUBJECT TO A WAIVER FEE PAID BY THE SELLER TO _____

See back for other important provisions.

Notice to the Buyer: 1. Do not sign this contract before you read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the contract you sign.

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.

ANY INSURANCE REFERRED TO IN THIS CONTRACT DOES NOT INCLUDE LIABILITY COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS.

The Department of Financial Institutions regulates the Seller and can be contacted at 2910 North 44th Street, Suite 310, Phoenix, Arizona 85018, (602) 255-4421, if you have any complaints concerning this contract.

Buyer Signs X  Teri L Clark  Date 4/29/2008  Co-Buyer Signs X _____

Co-Buyers and Other Owners - A co-buyer is a person who is responsible for paying the entire debt. Another owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _____ Date _____ Address _____

Creditor Signs  SATURN OF ARROWHEAD  Date 4/29/2008  By X _____ Title  AGENT

Seller assigns its interest in this contract to ☐ GMAC ☐ Novel Nissan Auto Finance ☐ _____ (Assignee) under the terms of Seller's agreement(s) with Assignee.

☐ Assigned without recourse  ☐ Assigned with recourse

| Seller | By | Title |
|---|---|---|
| SATURN OF ARROWHEAD | | AGENT |

2108 FR-AZ ©2006 (For use in the State of Arizona) (1 of 4)  Notice: See Other Side
Copyright 2006 GMAC  All Rights Reserved.  ORIGINAL

## OTHER IMPORTANT AGREEMENTS

**7. FINANCE CHARGE AND PAYMENTS**

a. How we will figure Finance Charge. The Finance Charge is figured on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed using the actual number of days in the year.

b. How we will apply payments. We will apply each payment first to the earned and unpaid part of the Finance Charge, and then to the unpaid part of the Amount Financed.

c. How late payments or early payments change what you must pay. We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price may be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

**2. YOUR OTHER PROMISES TO US**

a. If the vehicle is damaged, destroyed, or missing. You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

b. Using the vehicle. You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or the contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. Security interest. You give us a security interest in:
1. The vehicle and all parts or goods installed on it;
2. All money or goods received (proceeds) for the vehicle;
3. All insurance, maintenance, service, or other contracts we finance for you; and
4. All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.

d. Insurance you must have on the vehicle. You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may select the insurance company. We may buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge at the highest rate the law permits.

If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. What happens to returned insurance, maintenance, service, or other contract charges. If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

**3. YOU MAY PREPAY**

You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

**4. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

a. You may owe late charges. You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

b. You may have to pay all you owe at once. If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
1. You do not pay any payment on time;
2. You start a proceeding in bankruptcy or one is started against you or your property; or
3. You break any agreements in this contract.
The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. You may have to pay collection costs. If we hire an attorney to collect what you owe, you will pay the attorney's fee and court costs, as the law allows.

d. We may take the vehicle from you. If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

e. How you can get the vehicle back. If we take it, we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

f. We will sell the vehicle if you do not get it back. If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you. If money from the sale is not enough to pay the amount you owe, you must pay what is left to us. If you do not pay this amount when we ask, we may charge you interest at the highest lawful rate until you pay.

g. What we may do about optional insurance, maintenance, service, or other contracts. This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

**5. Used Car Buyers Guide.** The information that you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Spanish Translation:
Guía para el comprador de vehículos usados. La información que ve en el formulario de la ventanilla forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario estipulada en el contrato de venta.

**6. APPLICABLE LAW**

Federal law and Arizona law apply to this contract.

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

# PDP Electronic Title Document

ELT*AZ

| | | | |
|---|---|---|---|
| Title # : | BB07008136006 | Title Type : | |
| Issue Date : | 05/15/2008 | Lic/Tag/Control # : | |

VIN : 3GSCL33P48S605095
Vehicle Info : 2008 STRN

Odometer Reading :
Date : 00/00/0000
Status :

Owner Information : TERI L CLARK
Co-Owner :
Third Owner :
Owner Address : 5237 W TOPEKA DR
GLENDALE, AZ 853084934

Lienholder Information : G M A C
PO BOX 8127
COCKEYSVILLE, MD 21030

2nd Lienholder Name :

ELT Sent Date : 05/15/2008
Lien Type :
Owner Driver License # :

PDP Doc Ref : 50000004890 / 00010  12/23/2009  15:30:56

  Notepad   Images

Terms of Use • Copyright Notice • Privacy Policy
© 2002-2009 PDP Group, Inc. All rights reserved.

https://nexus.pdptechnologies.com/tts/TTS0001R.pgm?task=IMAGE&smurfid=0020828...  12/23/2009

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

In re:                                                    Chapter 13

TERRI CLARK,                                              Bky. No. 09-24892

        Debtor(s).                              **Affidavit of J. Daleiden**

    I, J. Daleiden, of GMAC, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1.    GMAC has a security interest in the following (the "Collateral"):
        N08 STRNVUE VIN/HIN: 3GSCL33P48S605095.

2.    <u>$22,244.02</u>  is the outstanding balance under the contract as of October 3, 2009.

3.    <u>$512.16</u>  is the amount of the existing delinquency as of October 3, 2009.

4.    <u>$19,895.00</u>  is the replacement value of the Collateral.

5.    <u>Yes</u> Appropriate insurance has been verified.

    Further your affiant sayeth not.

Dated:   <u>12/23/2009</u>

                           J. Daleiden
                           Bankruptcy Specialist
                           GMAC

Subscribed and sworn to before me on December 23, 2009

    Notary

Janelle M. Lardy
NOTARY PUBLIC
STATE OF MINNESOTA
My Commission Expires 1-31-2014

**_EXHIBIT C_**